IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES GWYN, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>HATCH STAMPING AND )<br>JOSH JORDAN )<br>    Defendants. ) | Case No. 3:19-cv-00244<br>Judge Richardson /Frensley |

### REPORT AND RECOMMENDATION

This matter is before the Court upon Hatch Stamping Company, LLC's ("Hatch") Motion to Dismiss (Docket No. 12) and Josh Jordan's ("Jordan") Motion to Dismiss (Docket No. 13). Hatch has filed a Supporting Memorandum of Law. Docket No. 12-1. In response, the Plaintiff has filed an "Objection to Dismissing Claims Against Hatch Stamping Company, LLC and Josh Jordan." Docket No. 14. For the reasons set forth herein, the undersigned recommends that the Motions to Dismiss filed by Hatch and Jordan be GRANTED and that the federal claims asserted in the Complaint be dismissed. To the extent that the Complaint alleges state law claims the undersigned recommends that the Court decline to exercise jurisdiction over those claims and that they be dismissed without prejudice.

### RELEVANT FACTS

The pro se Plaintiff, James Gwyn, began his employment with Defendant Hatch in August of 2016 as a quality auditor. Docket No. 1-2, ¶ 1. Defendant Jordan was the quality supervisor to whom the Plaintiff reported. *Id.* at ¶¶ 2, 6. In May of 2017, Plaintiff reported to Jordan that the day shift was producing bad parts. *Id.* at ¶ 6. On August 7, 2017, Plaintiff refused to run the bad parts on his shift resulting in the machine press being unavailable for hours. *Id.* at ¶¶ 7-9. Jordan was

upset with the Plaintiff for not continuing to run the machine and produce the parts and Plaintiff told him he was not signing off on "bad parts." *Id.* at ¶¶ 10-11, 15.

On August 9, 2017, Plaintiff was terminated from his employment at Hatch. *Id.* at ¶16. On August 11, 2017 he filed a complaint with the EEOC. *Id.* at ¶17. He was issued a notice of right to sue on April 16, 2018. Docket No. 1-1. On June 6, 2018, Plaintiff filed a wrongful termination civil complaint in the General Sessions Court of Davidson County, Tennessee. Docket No. 1-2, ¶21. On September 9, 2018, he voluntarily non-suited that action. *Id.* at ¶ 22, Docket No. 1-2, p. 8.

On March 25, 2019, Plaintiff filed the instant action in this court. Docket No. 1. Plaintiff completed a form Complaint for Employment Discrimination indicating the basis for jurisdiction as Title VII of the Civil Rights Act of 1964, and "RETALIATION, Title VII, section 1981 of the civil rights act 1866 (protected activity)" and unspecified relevant state, city or county law. Docket No. 1, p. 3. Specifically, Plaintiff contends he "engaged in (protective activity) by refusing to run production and sign off on bad parts" and that his supervisor, "Josh Jordan (Retaliated) against Plaintiff, by terminating his employment." Docket No. 1, p. 5.

Defendant Hatch moves to dismiss Plaintiff's claims against it under Fed. R. Civ. P. 12(b)(6) on the grounds that the claims are untimely and fail to state a claim upon which relief could be granted even if timely. Docket No. 12. With respect to the timeliness argument, Hatch contends that Plaintiff was terminated on August 9, 2017. He received a Notice of Right to Sue Letter from the EEOC on April 16, 2018 but did not file his lawsuit in this Court until March 23, 2019. *Id.* They assert that because this action was filed long after the 90 days allowed within which to file following the issuance of a Notice of Right to Sue Letter, the action is untimely. *Id.* Though Mr. Gwyn originally filed claims for wrongful termination in the General Session Court

for Davidson County, Tennessee within the 90-day window, he voluntarily non-suited that action on September 20, 2018. Docket No. 12-1, p. 2. Because of the 90-day statutory period is strictly enforced and not subject to Tennessee's one year saving statute, this action is time barred and Hatch should be dismissed. *Id.* at p. 4.

While the Plaintiff does not specifically identify any state law causes of action Hatch argues the Court should decline to exercise supplemental jurisdiction on such claims after dismissing Plaintiff's federal claims. They assert that even if the Court were inclined to address the substance of any state law claims those would also fail as being untimely having been brought more than one year after the date of Plaintiff's termination. *Id.*

Finally, Hatch argues that even if Plaintiff's claims were timely, any claim for retaliation must fail because Plaintiff has failed to prove he engaged in activity protected under Title VII. *Id.* at p. 6. Plaintiff asserts multiple times throughout his filing that his protected activity was "refusing to run production and sign off on bad parts." Docket No. 1, p. 5. This they contend is not an activity protected under Title VII and his retaliation claim must fail.

Defendant Josh Jordan also asks the Court to dismiss the federal law claims against him for failure to state a claim and to decline to exercise supplemental jurisdiction over any state law claims in this action. Docket No. 13. Jordan notes that as a supervisor he has no liability under Title VII and while Plaintiff indicates that he is asserting state law claims in this action he has not specified what those claims may be and to the extent they exist as to Mr. Jordan they should be dismissed. *Id.* Finally, Jordan argues that even if he were subject to claims under Title VII those claims are untimely and incorporates by reference the arguments of Hatch on those matters. *Id.*

Plaintiff has filed a response in opposition to the Motions. Docket No. 14. The substance of Plaintiff's response in its entirety is as follows:

3

> DEFENDANTS VIOLATED PLANITIFFS RIGHTS UNDER THE CIVIL RIGHTS ACT OF 1964 AND SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866, WHICH PROHIBITS RETALIATION AGAINST EMPLOYEES WHO ENGAGES (SIC) IN PROTECTED ACTIVITY. (2). PLAINTIFF HAS ENTERED EVIDENCE WITH SUPPORTING FACTS, WHICH MERITS (FAVORS) PLAINTIFF. (3). COMPLAINT FILED TIMELY, SEE STATUE AFTER EXPIRATION DATE IF NEED BE, *HENLEY V. COBB* 916 S. W. 2D 915, 916, TNN. CODE ANN. 28-1-105(A)(2000). (3). PLAINTIFF TERMINATED, AFTER ENGAGING IN PROTECTIVE ACTIVITY. (4). DEFENDENDANTS (SIC), DEMANED (SIC) PLAINTIFF TO PRODUCE, (DEFECTIVE PARTS, THAT WHERE ILLEGAL AND COULD HAVE HAD PLACE OTHERS IN HARMS WAY. (5). SUPERVISOR IS EMPOWERED TO HIRE AND FIRE, FOR HATCH STAMPING WHICH MAKES HIM (LIABLE). (7). SEE, SUPREME COURT RULING 7TH CIRCUIT, WHICH IS FOR PURPOSES OF TITLE VII. *VANCE V. BALL STATE UNIVERSITY*.

Docket No. 14(emphasis in original), pp. 1-2.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The purpose of this rule is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In order to preclude dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.*, 135 F. 3d 389, 406 (6th Cir. 1998).

The Court is required to construe the complaint in the light most favorable to the plaintiff and to accept all well-pleaded allegations of fact as being true. *Collins v. Nagle*, 892 F. 2d 489, 493 (6th Cir. 1989). Despite the Court's responsibility to liberally construe the complaint in the

plaintiff's favor, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F. 2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Church's Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987).

Finally, while pro se complaints are to be construed liberally (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), that liberality does not allow a court to conjure up unpled facts. *McFadden v. Lucas*, 713 F. 2d 143, 147 n. 4 (5th Cir. 1983); *Slotnick v. Staviskey*, 560 F. 2d 31, 33 (1st Cir. 1977), *cert. denied*, 434 U.S. 1077 (1978).

## ANALYSIS

### A. Claims against Hatch Stamping Company, LLC

#### i. Timeliness of the Complaint.

As a threshold consideration, the Court must determine whether the Plaintiff's action was timely filed. Under 42 U. S. C. § 2000e-5(f)(1), an employee seeking relief under Title VII must file a civil action within 90 days of receipt of the Notice of Right to Sue from the EEOC. *McGhee v. Disney Store*, 53 Fed. Appx. 751 (2002)(approving dismissal of pro se Plaintiff's disability claim under the ADEA as time barred for failure to file within 90 days of receiving Notice of Right to Sue). Similar to a statute of limitations, the 90-day requirement serves as a bar to the Plaintiff's lawsuit when the Complaint is not timely filed. *Truitt v. County of Wayne*, 148 F. 3d 644, 646-647 (6th Cir. 1998). "The 90-day period applies to all Plaintiffs, even those proceeding pro se, and so much as one day's delay is fatal to a claim." *Simns v. Maximum Health Care Services Inc*. 2013 WL 43529, at *4 (W. D. Tenn. February 4, 2013).

The Supreme Court has held that the limitations period for filing a charge with the EEOC

"is subject to waiver, estopple and equitable tolling" thus meaning the time limitations are not jurisdictional. *Zipes v. Trans World Airlines*, 455 U. S. 385, 393 (1982). That analysis has also been applied to the 90-day period after receipt of the Notice of Right to Sue Letter. *Crown, Cork and Seal Co. v. Parker*, 462 U. S. 345, 354 (1983). Nevertheless, "[f]ederal courts have typically extended equitable relief only sparingly.*" Irwin v. Department of Veteran's Affairs*, 498 U. S. 89, 96 (1990).

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Graham-Humphries v. Memphis Brooks Museum, Inc*., 209 F. 3d 552, 560-561 (6th Cir. 2000). In determining whether equitable tolling should be allowed, the Court should consider "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Dixon v. Gonzalez*, 481 F. 3d 324, 331 (6th Cir. 2007). The decision whether to equitably toll a period of limitations must be decided on a case by case basis considering those factors relevant in the case and recognizing that the factors are not comprehensive. *Amini v. Oberlin College,* 259, F. 3d 493, 500 (6th Cir. 2001).

Considering these standards, the Sixth Circuit has consistently rejected the most common arguments made by Plaintiffs for equitable tolling. For example, claims that a pro se Plaintiff was ignorant of the legal requirements or incorrectly calculated the applicable time limits are insufficient to justify tolling. Generally, tolling applies only when a litigant's failure to meet a deadline arose from circumstances beyond the litigant's control. Similarly, the absence of prejudice to the Defendant, standing alone, is insufficient to justify equitable tolling in the absence

6

of an "independent basis for invoking the doctrine." *Baldwin County Welcome Center v. Brown*, 466 U. S. 147. 151-152 (1984)(per curium).

In the instant case there is no question that Plaintiff had notice of his requirement to file an action within 90 days of receipt of the Notice of Right to Sue as is indicated on the document itself. Docket No. 1-1. The Plaintiff did in fact file an action in the General Sessions Court for Davidson County, Tennessee asserting his claims for wrongful termination. However, he voluntarily dismissed that action and did not refile that action until approximately six months thereafter in this Court. Docket No. 1-2, p. 8; Docket No. 1. Plaintiff asserts, citing *Henley v. Cobb*, 916 S. W. 2d 915 that the Tennessee saving's statute protects his claim from dismissal. Docket No. 14.

In effect, voluntary dismissal is as if the Plaintiff had never brought the suit in the first place and does not affect the filing period under Title VII. *See, Wilson v. Grumann, Ohio Corp*. 815 F. 2d 26, 27 (6th Cir. 1987). In *Wilson*, the Sixth Circuit held that the "filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII," and affirmed the district court's dismissal of Plaintiff's second complaint filed outside the original 90-day period to bring her Title VII Claim. *Id.* at p. 28. *Wilson* is directly on point here as Plaintiff received his Notice of Right to Sue on April 16, 2018. He filed a wrongful termination action in state court on June 6, 2018, within the 90 days, but voluntarily non-suited that action on September 9, 2018. Docket No. 1-2, p. 2. He did not file in this Court until March 25, 2019. Docket No. 1.

Although he timely sued in 2018, his voluntary dismissal of that case did not toll the deadline to file the Title VII claim. As a result, his claims under Title VII fail. Because Plaintiff did not file the instant action until March 25, 2019, which is well after the expiration of the 90 days from the receipt of the Notice of Right to Sue, Plaintiff's claims under Title VII are untimely and the undersigned recommends that they be dismissed.

### ii.     Merits of the Complaint

To prove a prima facie claim of retaliation under Title VII, Gwyn must prove: "(1) he engaged in activity protected by Title VII; (2) this exercise of protected rights was known to the defendant; (3) the defendant thereafter took adverse employment action against the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action." *Nguyen v. City of Cleveland,* 229 F. 3d 559, 563 (6th Cir. 2000) (citation omitted).

In order to constitute a protected activity for the purposes of Title VII an employee must have previously complained of discriminatory conduct based upon membership in a protected class. *Balding-Margolis v. Cleveland Arcade*, 352 Fed. Appx 35, 45 (6th Cir. 2009). "A vague charge of discrimination in an internal letter or memorandum is insufficient to constitute opposition to an unlawful employment practice. An employee may not invoke the protections of the Act by making a vague charge of discrimination. Otherwise, every adverse employment decision by an employer would be subject to challenge under either state or federal civil rights legislation simply by an employee inserting a charge of discrimination." *Fox v. Eagle Distrib. Co.*, 510 F. 3d 587, 591–92 (6th Cir. 2007). Complaints merely about job conditions without making an allegation of unlawful discriminatory conduct is not protected activity.

Plaintiff's Complaint also asserts as a basis for jurisdiction "section 1981 of the civil rights act 1866 (protected activity)." Docket No. 1, p. 3. Title 42 U. S. C. § 1981 ensures that all persons "shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceeding for the security or persons and property as enjoyed by white citizens[.]" 42 U. S. C. § 1981. Retaliation claims can also be brought under § 1981. *See CBOCS West, Inc. v. Humphries*, 553 U. S. 442, 457, 128 S. Ct. 1951, 170 L. Ed 2d 864 (2008). This Court applies the same *McDonnell-Douglas* burden shifting

8

framework developed in the Title VII employment discrimination context to §1981 claims based on circumstantial evidence. *Christian v. Wal-Mart Stores, Inc.* 252 F. 3d 862, 868 (6th Cir. 2001)(citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973))

In the instant case, Mr. Gwyn repeatedly indicates that "Plaintiff engaged in (protected activity) by refusing to run production and sign off on bad parts" (Docket No. 1, p. 5.); "on August 7, 2017 Plaintiff was engaged in (protected conduct) by refusing to run production that would have produced bad parts" (Docket No. 1-2, p. 3). Nowhere in his Complaint or supporting documents does Plaintiff ever suggest that he engaged in any other protected activity. Because the activity he alleges was protected in no way relates to his status in a protected category, is made unlawful by any anti-discrimination statute or is otherwise related to his participation in any investigation, proceeding or litigation under any anti-discrimination statue his claim must fail. Therefore, the undersigned recommends that even if Plaintiff's claim is under Title VII or § 1981 were timely, he has failed to plead and cannot establish that he engaged in a protected activity under the law. Therefore, he cannot satisfy the elements of a prima facie case of retaliation and the undersigned recommends that his federal claims be dismissed on those grounds as well.

**B.  Josh Jordan**

Plaintiff has named Josh Jordan as a Defendant in this action. Mr. Jordan was a quality supervisor at Hatch and according to Plaintiff responsible for his termination. Docket No. 1-2, ¶16. Jordan contends that there is no individual liability under Title VII. For this reason, in addition to the argument advanced by Hatch that the claims are untimely, he should be dismissed from this action.

Title VII only imposes restrictions on "employers." Under Title VII, "an employer" is an entity engaged in an industry that effects interstate commerce with more than fifteen employee 42

9

U. S. C. § 2000e(b). Generally, individual employees do not meet the definition of an employer under Title VII. Where an individual employee/supervisor does not otherwise qualify as an "employer" they may not be held personally liable under Title VII. *Wathen v. General Electric Co.*, 115 F. 3d 400, 405 (6th Cir. 1997). The Sixth Circuit has held that "despite the express use of the word 'agent' in the statute, Title VII does not create individual liability for individuals in supervisory positions." *Akers v. Alvey,* 338 F. 3d 491, 500 (6th Cir. 2003)(citing *Wathen v. GE, supra*).

Though unclear from the Complaint, to the extent that Plaintiff brings a claim of retaliation against Defendant Jordan under § 1981, individual liability claims can proceed. *See Jones v. Cont'l Corp.*, 789 F. 2d 1225, 1231 (6th Cir. 1986); *Fite v. Comtide Nashville LLC*, 686 F. Supp. 2d 735, 749, n. 7 (M. D. Tenn. 2010). Such claims have been recognized where those individuals exercised supervisory authority over Plaintiff or were personally involved in the discriminatory action. *See e. g. Allen v. Ohio Dept. of Rehab. Corrections*, 128 F. Supp 2d 483, 495 (S. D. Ohio 2001); *Williams v. United Dairy Farmers*, 20 F. Supp. 2d 1193, 1201-1202 (S. D. Ohio 1998). Nonetheless, Plaintiff's claim against Jordan must fail.

As noted above, the sole basis of Plaintiff's Complaint is retaliation. In order to prove a claim of retaliation, Plaintiff must first establish he engaged in a protected activity. Taking all the facts pled by Plaintiff are true, he cannot establish that he engaged in a protected activity under the anti-discrimination statutes. For this reason, the undersigned recommends that to the extent Plaintiff asserts any claim for individual liability against Defendant Jordan under Title VII or § 1981 those claims should be dismissed.

**C.    State Law Claims.**

While Plaintiff has checked the box on the form complaint indicating the basis for

jurisdiction includes relevant state, city or county law, he has not specified any such claims. Docket No. 1, p. 3. However, based upon the facts alleged that he was terminated in retaliation for participating in protected activities it appears the only state claims he could advance are claims under the Tennessee Human Rights Act ("THRA") or the Tennessee Public Protection Act. The THRA has a one-year statute of limitations. Similarly, the TPPA has a one-year statute of limitations. Because Plaintiff was terminated on August 9, 2017, he did not bring this action until March 25, 2019, arguably neither of those claims would be timely. They would also appear to suffer the same fate on the merits as Plaintiff's federal claims.

Nevertheless, because the undersigned has recommended dismissal of Plaintiff's federal claims the undersigned further recommends that the Court decline to exercise supplemental jurisdiction for any purported state law claims given Plaintiff's failure to specifically identify those claims and the other arguments set forth herein.

## RECOMMENDATION

For the reasons set forth herein, the undersigned recommends that the Motions to Dismiss filed by Hatch Stamping Company, LLC (Docket No. 12) and Josh Jordan (Docket No. 13) be GRANTED and that Plaintiff's claims under Title VII and § 1981 be dismissed with prejudice. The undersigned further recommends that to the extent Plaintiff intends to assert state law claims the Court should decline to exercise jurisdiction over those claims and should dismiss them without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said

objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 Sc.D. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                                              **JEFFERY S. FRENSLEY**
                                                              **United States Magistrate Judge**