IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES GWYN, | ) |
| Plaintiff, | ) |
| | ) NO. 3:19-cv-00244 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| HATCH STAMPING and JOSH JORDAN, | ) |
| Defendants. | ) |

## **ORDER**

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Doc. No. 22) and Objections filed by Plaintiff (Doc. Nos. 25-27). Related to Docket Nos. 26 and 27, also pending are Plaintiff's motions for a default judgment (Doc. Nos. 21, 24).

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, Case No. 3:18-cv-0010, 2018 WL 6322332, at * 3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the portion of the Report and Recommendation to which Plaintiff filed objection, the Objections, and the file. For the reasons stated herein, the Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved. Defendants' Motions to Dismiss (Doc. Nos. 12 and 13) are granted, and Plaintiff's federal claims are dismissed. The Court, in its discretion, declines to exercise jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(c)(3).

The facts are more fully set forth in the Report and Recommendation, but for purposes of this Order, the Court notes that Plaintiff filed his Complaint, *pro se*, on March 25, 2019 (Doc. No. 1). The Complaint alleges that it is brought pursuant to Title VII (42 U.S.C. § 2000e, *et seq.*) and Section 1981 (42 U.S.C. § 1981) for retaliation in employment. Although Plaintiff checked boxes on the form complaint indicating that he was bringing claims pursuant to relevant state, city or county law, he failed to specify what those laws were. The Defendants are Hatch Stamping, Plaintiff's former employer, and Josh Jordan, Plaintiff's former supervisor. Plaintiff alleges that the discriminatory acts occurred on August 9, 2017. Plaintiff claims that he engaged in protective activity by refusing to "run production" at Hatch Stamping and refusing to sign off on "bad parts" (Doc. No. 1). He contends that Defendant Jordan retaliated against Plaintiff by terminating his employment. Plaintiff asserts that Defendant Hatch Stamping was aware of Jordan's retaliation against him and did nothing. *Id*.

Defendants argue, and the Magistrate Judge agreed, that Plaintiff's Title VII claims are untimely. Plaintiff's employment was terminated on August 9, 2017. Plaintiff received a Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") on April 16, 2018. Plaintiff filed a wrongful termination civil complaint in the Davidson County General

Sessions Court on June 6, 2018, but he voluntarily non-suited that action on September 9, 2018. He did not re-file this action until March 25, 2019.

A party seeking relief under Title VII must file a civil action within 90 days of receipt of the Notice of Right to Sue letter from the EEOC, 42 U.S.C. § 2000e-5(f)(1), which Plaintiff did. Filing a complaint that is later dismissed without prejudice, however, does not toll this statutory filing period under Title VII. *Bills v. Shelby Cty. Gov't*, No. 2:17-cv-02634, 2018 WL 3398169, at * 4 (W.D. Tenn. July 12, 2018) (citing *Wilson v. Grumann Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987)). If a filed complaint is thereafter voluntarily dismissed, the situation is treated as if the plaintiff had never filed suit in the first place, and the filed-but-voluntarily-dismissed complaint does not affect the filing deadline under Title VII.

In the three documents the Court considers to be Plaintiff's Objections, the only reference he makes to the Magistrate Judge's recommendation about timeliness is to state: "PLAINTIFF CLAIM, IS CLEARY COGNIZABLE, AND FILED TIMELY WITHIN THE JURISDICTION OF A COURT." (Doc. No. 25). As noted above, the Court must review and address only those parts of the Report and Recommendation to which Plaintiff files specific objections. The above-quoted statement from Plaintiff is not a specific objection. But even if it was and thus had to be considered, the Court finds that the Magistrate Judge's recommendation concerning the Title VII claims in Plaintiff's Complaint is correct and that those claims should be dismissed with prejudice.

Plaintiff has failed to file any specific objection to the Magistrate Judge's recommendation that Plaintiff's Section 1981 claims be dismissed or that Defendant Jordan's Motion to Dismiss be granted. In addition, with regard to both Defendants, Plaintiff has not filed a specific objection to the Magistrate Judge's recommendation that the Court decline to exercise supplemental

jurisdiction over Plaintiff's state law claims. Therefore, the Court need not address those recommendations.

Docket Nos. 26 and 27 both relate not to any of these recommendations of the Magistrate Judge, but rather to Plaintiff's claim that default judgment should be entered against Defendants. Plaintiff's pending Motions for Default Judgment (Doc. Nos. 21 and 24) are **DENIED**. The Clerk of Court has not entered default in this case, and Rule 55 requires entry of default before any entry of default judgment. Fed. R. Civ. P. 55(a) and (b). And even if it could enter default judgment in this case, the Court would decline to do so. The response of Defendants to those motions (Doc. No. 23) provides a sufficient explanation of excusable neglect as to the tardiness of Defendants' response to Plaintiff's Complaint. Moreover, Defendants' responses to the Complaint (their respective motions to dismiss, Doc. Nos. 12 and 13) were only nine days late (for Hatch Stamping) and two days late (for Jordan). These had been filed by the time Plaintiff filed his Motions for Default Judgment, a fact that bolsters the Court's conclusion that there was no prejudice to Plaintiff from Defendants' tardiness. Furthermore, other factors also cut against entry of default judgment, as Defendants correctly note.

## CONCLUSION

Accordingly, Plaintiff's Motions for Default Judgment (Doc. Nos. 21 and 24) are **DENIED.** In addition, the Report and Recommendation of the Magistrate Judge (Doc. No. 22) is **ADOPTED and APPROVED**. The Motions to Dismiss of Hatch Stamping Co. (Doc. No. 12) and Josh Jordan (Doc. No. 13) are **GRANTED**. Plaintiff's federal claims for violations of Title VII and Section 1981 are **DISMISSED with prejudice.** The Court, in its discretion, declines to exercise jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(c)(3), and Plaintiff's state law claims are **DISMISSED without prejudice**.

IT IS SO ORDERED

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE